# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM LEE BLAIR, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 11-CV-407-TCK-FHM |
| | ) |
| E. SCOTT PRUITT, Oklahoma State | ) |
| Attorney General, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Before the Court is Defendant E. Scott Pruitt's Motion to Dismiss (Doc. 4), wherein Defendant moves to dismiss Plaintiff's Petition for Writ of Mandamus ("Petition") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) ("Rule 12(b)(1)" and "Rule 12(b)(6)").[1]

**I.    Background**

On June 29, 2011, Plaintiff filed his Petition, which is premised upon the contention that Attorney General Opinion Number 09-31 ("the Attorney General Opinion") is in error. *See* Okla. A.G. Opin. No. 09-31, 2009 WL 4092488 (Nov. 17, 2009). The Attorney General Opinion, authored by the previous Attorney General, Drew Edmondson, was issued in response to the following three questions from Lloyd L. Fields, the then-Commissioner of the Oklahoma Department of Labor:

1. Does [Okla. Stat. tit. 40, §165.2], which provides for the payment of wages due an employee by electronic means, allow employers to *compel* employees to accept such payment by (1) direct deposit, or (2) payroll cards or other electronic means?

2. If employers may compel payment of wages by electronic means, would such employers still be required to give employees a written or printed itemized statement of deductions for each pay period under [Okla. Stat. tit. 40, §165.2]?

3. If employers may compel payment of wages by electronic means, would such employers still be required to issue payment in full, without discount?

---

[1] Plaintiff is pro se.

2009 WL 4092488 at *1. In answering the Labor Commissioner's questions, Attorney General Edmondson considered the application of the federal Electronic Fund Transfer Act, 15 U.S.C. 1693-1693r ("EFTA"). Attorney General Edmondson concluded that the electronic payment of wages to an employee is governed by EFTA, and although EFTA permitted an employer to require an employee to receive wages by electronic payment, it could only make such a requirement "as long as the employee is allowed to choose the depository financial institution." 2009 WL 4092488 at *5.

Plaintiff's Petition contends the Attorney General Opinion is in error because:

> According to [the Attorney General Opinion], the only choice the original account holder has is the choice of financial institution under 15 U.S.C. 1639k(2), 12 C.F.R.205.10 e(2). This is false. There is no deliberate omission of 15 U.S.C. 1639k(1), 12C.F.R. 205.10 e(1) which are nondiscretionary and enforces the voluntary requirement of the law and regulation as to the participation contrary to [the Attorney General Opinion].

(Pet. 1.) Plaintiff also contends that *Reynolds v. Advance Alarms, Inc.*, 232 P.3d 907 (Okla. 2009), demonstrates that the Attorney General Opinion is in error. (*Id.*) Plaintiff's Petition thus seeks an order from this Court directing Defendant to: (1) reconsider the Attorney General Opinion; (2) require the Oklahoma Department of Labor to "immediately implemen[t]" unidentified changes, (Pet. 1); (3) "[i]nvestigate and prosecute all related violations of [the EFTA] by all governmental and business entities which implemented mandatory direct deposit," (*id.*); (4) ensure "compliance to the voluntary nature of the law and regulation," (*id.*); (5) "[m]ake restitution in those cases arising out of the inequity created by the misrepresentation," (*id.*); and (6) "review all opinions presented by former Attorney General [Drew Edmondson]," (*id.*).

Defendant has moved to dismiss Plaintiff's Petition, arguing that: (1) Plaintiff lacks constitutional standing; (2) Plaintiff's Petition does not state a claim for relief; (3) Defendant enjoys sovereign immunity from suit; and (4) Plaintiff has failed to exhaust administrative remedies and has failed to plead facts entitling him to a Writ of Mandamus. Because the Court finds that

Plaintiff's Petition should be dismissed for lack of standing, it will not address Defendant's remaining arguments.

**II.     Rule 12(b)(1) Standard**

Federal courts are courts of limited jurisdiction and may exercise jurisdiction only when specifically authorized to do so. *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994). "A court lacking jurisdiction must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm'rs*, 895 F. Supp. 279, 280 (D. Kan. 1995). The party seeking to invoke a federal court's jurisdiction sustains the burden of establishing that such jurisdiction is proper. *Winnebago Tribe of Neb. v. Kline*, 297 F. Supp. 2d 1291, 1299 (D. Kan. 2004). When federal jurisdiction is challenged, the plaintiff bears the burden of showing why the case should not be dismissed. *Id.* In this case, Defendant argues, *inter alia*, that the Court lacks subject matter jurisdiction because Plaintiff does not have standing.

Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction generally take one of two forms. *Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001). "First, a moving party may make a facial attack on the complaint's allegations as to the existence of subject matter jurisdiction." *Id.* "In reviewing a facial attack, the district court must accept the allegations in the complaint as true." *Id.* "Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction is based." *Id.* "In reviewing a factual attack, a court has 'wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts.'" *Id.* (quoting *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir.1995)). "In the course of a factual attack under Rule 12(b)(1), a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion." *Stuart*, 271 F.3d at 1225. In this case, Defendant's motion to dismiss for lack of standing

is a facial attack on Plaintiff's Petition, not a factual one, so the Court accepts the allegations in the Petition as true. *See Onyx Prop. LLC v. Bd. of Cnty. Comm'rs of Elbert Cnty.*, No. 10-cv-01482-LTB-KLM, 2011 WL 588097, at *2 (D. Colo. Feb. 9, 2011) (treating motion to dismiss for lack of standing as facial attack on the complaint).

### III. Discussion

Defendant's Motion to Dismiss is based, in part, on the contention that Plaintiff lacks constitutional standing to bring suit. To establish constitutional standing under Article III of the United States Constitution, a plaintiff bears the burden of demonstrating:

> (1) it has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Bronson v. Swensen*, 500 F.3d 1099, 1106 (10th Cir. 2007). When a court makes an inquiry as to a party's standing, the court must accept as true all material allegations of the complaint, and any other particularized allegations of fact in affidavits or in amendments to the complaint. *Osage Nation v. Okla. ex rel. Okla. Tax Comm'n*, 597 F. Supp. 2d 1250, 1253 (N.D. Okla. 2009) (citing *Warth v. Seldin*, 422 U.S. 490, 501 (1975)). "If, after this opportunity [to present facts to support standing], the plaintiff's standing does not adequately appear from all materials of record, the complaint must be dismissed." *Osage Nation*, 597 F. Supp. 2d at 1253 (citing *Warth*, 422 U.S. at 501-02).

The Court agrees with Defendant that Plaintiff's Petition fails to include any facts demonstrating the elements required for standing. Specifically, the Petition is devoid of facts from which to infer that Plaintiff has been injured or harmed by the Attorney General Opinion. Although Plaintiff's Petition evidences disagreement with the Attorney General Opinion, there is simply no basis upon which to conclude that he was personally affected by the opinion. Plaintiff further fails

4

to plead facts showing that Defendant caused any injury or that the any injury will be redressed by a favorable decision from this Court.

Further, although Plaintiff expands on his claims in his Opposition to Defendant's Motion to Dismiss (Doc. 7) ("Opposition"), the Court finds that consideration of these additional details does not save Plaintiff's Petition from dismissal due to a lack of standing. Specifically, in his Opposition, Plaintiff suggests that his claim relates to the fact that he was discharged from employment by the Tulsa Housing Authority ("THA") after he refused to agree to a direct deposit of his paycheck into a bank or credit union account. (*See* Ex. to Pl.'s Opposition at 33 (Okla. Employment Security Comm'n Order of Decision).) However, there is no indication -- either in Plaintiff's argument or in the materials attached to Plaintiff's Opposition -- that the THA relied on the Attorney General Opinion in terminating Plaintiff or that Defendant in any way caused the alleged injury. Nor is there any suggestion in Plaintiff's Opposition that a favorable decision by this Court will serve to redress his termination from the THA. Although the Court is directed to "hold pro se litigants to a less stringent standard, it is not the proper function of the district court to assume the role of advocate for the pro se litigant," *DiCesare v. Stuart*, 12 F.3d 973, 979 (10th Cir. 1993), and this Court cannot create allegations supporting standing where there are none. Therefore, Plaintiff has not adequately demonstrated constitutional standing, rendering dismissal of his Petition appropriate.

### III. Conclusion

For the reasons outlined herein, the Court GRANTS Defendant's Motion to Dismiss (Doc. 4). A Judgment of Dismissal will be entered separately.

**SO ORDERED this 24th day of February, 2012.**

**TERENCE KERN**
**United States District Judge**

5